UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JUNIOR LEE BASS                                                                      PLAINTIFF

VERSUS                                                  CIVIL ACTION NO. 1:18CV75-RHW

KATHERINE BLOUNT et al                                     DEFENDANTS

## MEMORANDUM OPINION & ORDER

Plaintiff Junior Lee Bass, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 civil rights complaint alleging that his life is in danger because of gang members at the South Mississippi Correctional Institution. Doc. [1]. The Court conducted a screening hearing on March 13, 2019. *See* Minute Entry (3/13/2019). The parties consented to have a United States Magistrate Judge conduct all proceedings. Doc. [39].

Plaintiff alleges that in March 2017 he was attacked and beaten by 19 inmates who were gang members. The attack resulted in serious injuries and Plaintiff's hospitalization. At the screening hearing, Plaintiff stated that he has not been attacked by anyone since the March 2017 incident; however, he stated that he continues to receive threats from gang members. Plaintiff alleges that after the attack, he requested a transfer from Area 2 to Area 1. Eventually he was transferred to Area 1, but he alleges he continues to receive threats from gang members. Plaintiff requests that he be put in protective custody or transferred to a different facility. Other than his failure-to-protect claim, Plaintiff did not identify any other potential constitutional claims at the screening hearing.

## Law and Analysis

Plaintiff is proceeding *in forma pauperis* under the provisions of 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(ii), the Court "shall dismiss the case at any time" if the action "fails to state a claim on which relief may be granted." Furthermore, pursuant to § 1915A(b)(1), the Court after screening a prisoner's lawsuit against a governmental entity or officer, shall dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted."

## Failure to Protect

Prison officials have a constitutional duty to protect inmates from violence at the hands of their fellow inmates. *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006). However, prison officials are not expected to prevent all inmate-on-inmate violence. *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). An inmate "must show that he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials were deliberately indifferent to the inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An official acts with the requisite deliberate indifference if he is aware of an "excessive risk to inmate . . . safety" and disregards that risk. *Id.* at 837. An officer's awareness of the risk is evaluated subjectively. *Longoria*, 473 F.3d at 592-93. A prison official knows of an excessive risk only if (1) he is aware of facts from which he could infer that a substantial risk of serious harm exists, and (2) he in fact draws the inference. *Id.* at 593. No liability exists if an official reasonably responded to a known substantial risk, even if the harm was ultimately not averted. *Id.*

Although Plaintiff identifies a specific attack that occurred in March 2017, he does not allege that any of the named Defendants were aware of a specific risk of attack prior to the incident or that they failed to take measures to prevent the risk. Following the attack, Plaintiff

requested a transfer to Area 1. Prison officials accommodated his request and moved him to Area 1. Plaintiff admits that he has not been subject to any attacks since the March 2017 incident. Although Plaintiff expresses a generalized fear of gang-affiliated members, the mere threat of violence does not by itself constitute a failure to protect. *See Farmer v. Brennan*, 511 U.S. 825, 858–59 (1970) (Thomas, J., concurring) (recognizing that "[p]risons are necessarily-dangerous places," which "house society's most antisocial and violent people in close proximity with one another," thereby making it inevitable that "some level of brutality ... among prisoners" may occur); *Foxx v. State of Mississippi*, No. 1:17cv61-LG-RHW, 2019 WL 2998571, at *3 (S.D.Miss. June 5, 2019). Thus, Plaintiff's allegation of ongoing threats from other inmates fails to state a failure-to-protect claim. The Court finds that Plaintiff has failed to allege any facts supporting a failure-to-protect claim.

**Facility Transfer/Protective Custody**

Plaintiff has filed a series of amended complaints and motions requesting a transfer to a different facility or a move into protective custody. *See* Doc. [15] [18] [19] [36] [41] [42]. Inmates possess no constitutional right to be housed in a facility of their choosing. *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996). Likewise, an inmate does not have a constitutionally based liberty interest in his custodial classification. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Thus, Plaintiff's requests fail to state a constitutional claim and his motions requesting same are denied.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motions [36] [41] [42] are DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's 42 U.S.C. § 1983 prisoner civil rights complaint should be dismissed with prejudice as to all claims and all Defendants for failing to state a claim upon which relief may be granted.

SO ORDERED AND ADJUDGED, this the 4th day of September 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE